UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SABELITA HAWKINS, | CASE NO. C16-0498JLR |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART STIPULATED MOTION |
| v. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

## I.    INTRODUCTION

Before the court is the parties' stipulated motion to extend certain discovery deadlines. (Stip. Mot. (Dkt. # 11).) Having considered the stipulated motion, the relevant portions of the record, and the applicable law, the court GRANTS in part and DENIES in part the parties' stipulated motion.

//

//

ORDER - 1

## II. BACKGROUND & ANALYSIS

Plaintiff Sabelita Hawkins filed this lawsuit on April 6, 2016. (*See* Compl. (Dkt. # 1).) In their joint status report, the parties represented that the case would be ready for trial on August 21, 2017, and proposed a discovery cut-off 120 days before trial. (JSR (Dkt. # 7) at 2, 4.) In its scheduling order, the court set trial to begin on September 25, 2017, the dispositive motions deadline on June 27, 2017, the discovery cut-off on May 30, 2017, and the disclosure of expert testimony on March 29, 2017. (Sched. Order (Dkt. # 8) at 1.)

Pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" for purposes of Rule 16 focuses on the diligence of the party seeking to modify the pretrial scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999); *see Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D. W. Va. 1995). In part, the "good cause" standard requires the parties to demonstrate "the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference." *Jackson*, 186 F.R.D. at 608.

Further, the court's scheduling order states that the dates are "firm" and that "[t]he court will alter these dates only upon good cause shown." (Sched. Order at 2.) The scheduling order also states that "failure to complete discovery within the time allowed is not recognized as good cause." (*Id.*)

ORDER - 2

The parties seek to continue the expert disclosure deadline by approximately one month, the discovery cut-off by approximately one month, and the expert deposition deadline by approximately one week.  (*See* Stip. Mot. at 2.)  They seek these continuances because "there was a last-minute conflict arising from Plaintiff's expert and [the] related search for [a] replacement expert."  (*Id.* at 1-2.)  However, the parties do not explain why these events provide good cause for extending any deadline other than the expert disclosure deadline.  (*See generally id.* at 1-2); *Jackson*, 186 F.R.D. at 608.

In addition, the parties' proposed schedule—with the exception of the one-month extension of the expert disclosure deadline—contravenes the court's practice of issuing scheduling orders that provide a reasonable timeline for resolving disputes.  First, the court generally sets the discovery cut-off 30 days prior to the deadline for filing dispositive motions and motions challenging expert testimony to ensure that the record is complete when the court considers such motions.  The parties' proposed schedule is not consistent with that practice.  Second, the court expects the parties to complete all discovery by the discovery cut-off.  In light of this principle, the court did not set an expert deposition deadline of August 30, 2017—three months after the discovery cut-off—as the parties represent to the court.  (*See generally* Sched. Order; Stip. Mot. at 2.)

### III. CONCLUSION

For these reasons, the court GRANTS in part and DENIES in part the parties' stipulated motion (Dkt. # 11).  The court GRANTS the parties' motion to extend their

//

ORDER - 3

1  expert disclosure deadline to April 30, 2017, but DENIES the parties' motion to extend

2  the discovery cut-off and other discovery-related dates.

3        Dated this 17th day of March, 2017.

 

                                      JAMES L. ROBART
                                      United States District Judge

Case 2:16-cv-00498-JLR   Document 12   Filed 03/17/17   Page 4 of 4

1 | expert disclosure deadline to April 30, 2017, but DENIES the parties' motion to extend

2 | the discovery cut-off and other discovery-related dates.

3 |        Dated this 17th day of March, 2017.

                                      JAMES L. ROBART
                                      United States District Judge

ORDER - 4