UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SABELITA HAWKINS,

        Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

        Defendants.

CASE NO. C16-0498JLR

ORDER

Before the court is Defendant United States of America's ("the Government") motion to dismiss for lack of subject matter jurisdiction and for summary judgment. (Mot. (Dkt. # 16).) In support of what appears to be a factual challenge to the court's subject matter jurisdiction, *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004) (stating that the court resolves a factual challenge to jurisdiction by considering the extrinsic evidence the defendant puts forth), and the motion for summary judgment, the Government filed a number of exhibits but failed to authenticate them (*see id.*; Dkt.).  In

ORDER - 1

1 opposing the Government's motion, Plaintiff Sabelita Hawkins failed to authenticate the
2 exhibits she filed.  (*See* Resp. (Dkt. # 17); Dkt.)

3      In ruling on a motion for summary judgment, the court may not consider
4 unauthenticated exhibits.[1]  *See Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925
5 (9th Cir. 1987) ("It is well settled that unauthenticated documents cannot be considered
6 on a motion for summary judgment."); *Orr v. Bank of Am., NT& SA*, 285 F.3d 764, 774
7 (9th Cir. 2002) ("A deposition or an extract therefrom is authenticated in a motion for
8 summary judgment when it identifies the names of the deponent and the action and
9 includes the reporter's certification that the deposition is a true record of the testimony of
10 the deponent."); Fed. R. Evid. 901(a) ("To satisfy the requirement of authenticating or
11 identifying an item of evidence, the proponent must produce evidence sufficient to
12 support a finding that the item is what the proponent claims it is.").  Because neither the
13 Government nor Ms. Hawkins properly authenticated the evidence they offer, the court
14 orders the parties to properly authenticate their exhibits, including the deposition
15 excerpts, *see Orr*, 285 F.3d at 774, no later than Tuesday, July 25, 2017, at 5:00 p.m., *see*
16 Fed. R. Civ. P. 56(e)(1) ("If a party fails to properly support an assertion of fact or fails to
17 properly address another party's assertion of fact . . . , the court may . . . give an

---

[1] In ruling on a factual challenge to the court's subject matter jurisdiction, the court should consider only authenticated exhibits. *See Cholakyan v. Mercedes-Benz USA, LLC*, No. CV 10-05944 MMM (JCx), 2012 WL 12861143, at *17 (C.D. Cal. Jan. 12, 2012) (stating that resolution of a factual challenge to the court's subject matter jurisdiction "should apply a standard similar to that used in deciding summary judgment motions" if the court does not hold an evidentiary hearing); *Placencia v. United States*, 3:16-cv-02354-BEN-MDD, 2017 WL 3017708, at *2 (S.D. Cal. July 14, 2017) (stating that in ruling on a 12(b)(1) factual challenge, the court "considers all admissible evidence in the record").

1  opportunity to properly support or address the fact . . . ."); *see also Willing v. Arms*,
2  No. 2:14-cv-01122-APG-PAL, 2016 WL 5109139, at *5 (D. Nev. Sept. 19, 2016) ("It
3  would be a waste of judicial and the parties' resources to proceed to trial simply to
4  authenticate the evidence.  Justice dictates that [the court] afford . . . a brief opportunity
5  to authenticate the[] exhibits.").  If either party objects to the other party's authentication,
6  the objecting party must file a statement of its objections no later than Wednesday, July
7  26, 2017, at 5:00 p.m.  The statements of objections, if any, shall not exceed three (3)
8  pages.
9       Dated this 21st day of July, 2017.

                                              JAMES L. ROBART
                                              United States District Judge