UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SABELITA HAWKINS,<br><br>               Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA,<br>et al.,<br><br>               Defendants. | CASE NO. C16-0498JLR<br><br>ORDER GRANTING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION |

## I. INTRODUCTION

Before the court is Defendant United States of America's ("the Government")[1]

motion to dismiss for lack of subject matter jurisdiction. (Mot. (Dkt. # 36).) Plaintiff

---

[1] In its July 31, 2017, order on the Government's prior motion to dismiss, the court dismissed with prejudice Defendants Department of Veterans Affairs ("VA"), VA Puget Sound Health Care System, John Does 1-10, and Jane Does 1-10 because the Government is the only proper defendant in a Federal Tort Claims Act ("FTCA") action. (*See* 7/31/17 Order (Dkt. # 23) at 1-2 n.1 (citing *Lance v. United States*, 70 F.3d 1093, 1094 (9th Cir. 1995); *Kennedy v. United States Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998); *Heine v. Vilsack*, No. 1:12-CV-01992-AWI-SMS, 2014 WL 7447619, at *2 (E.D. Cal. Dec. 31, 2014)).) Although the

ORDER - 1

Sabelita Hawkins opposes the Government's motion. (Resp. (Dkt. # 38).) The court has considered the Government's motion, the parties' submissions in support of and in opposition to the motion, the relevant portions of the record, and the applicable law. Being fully advised,[2] the court GRANTS the Government's motion for the reasons set forth below.

## II. BACKGROUND

### A. Factual History

This matter arises from a mental health breakdown that Ms. Hawkins allegedly suffered as a result of workplace bullying at the VA hospital at which she worked. (*See* Compl. (Dkt. # 1) ¶ 4.3-4.4; Claim (Dkt. # 1-1) at 4.) Ms. Hawkins alleges that on October 22, 2011, she suffered a psychotic episode at work resulting from three years of workplace bullying and a failed meeting to address that bullying. (Compl. ¶¶ 4.4-4.5; Claim at 4.) After this psychotic episode, Ms. Hawkins was admitted to Swedish-Edmonds Hospital for observation on October 22, 2011. (*Id.* ¶ 4.5.) After her release, Ms. Hawkins followed up with resident physician Daniel Doan at the Veterans Hospital Women's Clinic on October 26, 2011. (Compl. ¶ 4.6.) Ms. Hawkins told Dr. Doan that she was experiencing insomnia, anxiety, depression, and difficulty

//

---

Ninth Circuit vacated the court's July 31, 2017, judgment at the Government's request (*see* Dkt. ## 30, 31), the court reiterates its conclusion that the Government is the only proper defendant in an FTCA claim and dismisses with prejudice the VA, VA Puget Sound Health Care System, John Does 1-10, and Jane Does 1-10.

[2] Neither party requests oral argument, and the court concludes that oral argument is unnecessary. *See* Local Rules W.D. Wash. LCR 7(b)(4).

concentrating that interfered with her daily activities. (*Id.* ¶ 4.7; *see also* Claim at 4 (stating that Ms. Hawkins informed Dr. Doan she was suffering "worsening insomnia, extreme anxiety, severe depression, difficulty concentrating[,] and nervousness").) Ms. Hawkins allegedly requested that Dr. Doan prescribe lorazepam, but Dr. Doan allegedly declined that request due to that medication's habit-forming characteristics. (Compl. ¶ 4.7.) Dr. Doan instead prescribed Zoloft for Ms. Hawkins's anxiety and depression. (*Id.* ¶ 4.8.) Ms. Hawkins further alleges that Dr. Doan recommended she avoid drugs and alcohol and "follow up with her outside Bellevue Counselor." (*Id.* ¶ 4.9.) Despite Dr. Doan's recommendations, Ms. Hawkins asserts that her anxiety and insomnia worsened. (*Id.*)

On November 16, 2011, Ms. Hawkins followed up with Dr. Doan and complained that the medication Dr. Doan had prescribed was not working. (*Id.* ¶ 4.10.) Dr. Doan allegedly told Ms. Hawkins that she had not given Zoloft enough time to effectively work. (*Id.*) Later that month, on November 30, 2011, Dr. Carl Jensen evaluated Ms. Hawkins to determine whether she could return to work. (*Id.* ¶ 4.11.) According to Ms. Hawkins, Dr. Jensen diagnosed her with post-traumatic stress disorder ("PTSD") during that evaluation and did not prescribe any additional medication for Ms. Hawkins's anxiety and insomnia. (*Id.* ¶ 4.12.)

Ms. Hawkins alleges that she further deteriorated in December 2011 after prolonged sleeplessness over two to three days. (*Id.* ¶ 4.13.) Due to the lack of sleep, Ms. Hawkins alleges that on December 15, 2011, she became psychotic again. (*Id.*) During this episode, she attacked her mother and was arrested. (*Id.*; Claim at 4.)

B. **Procedural History**

    1.    <u>Administrative Claims</u>

Ms. Hawkins filed two relevant administrative claims: (1) an FTCA claim to the VA for the doctors' alleged malpractice in treating Ms. Hawkins after the workplace psychotic episode (*see* Claim at 2, 4-5); and (2) a claim under the Federal Employees Compensation Act ("FECA"), 5 U.S.C. § 8101 *et seq.*, for the PTSD, psychotic disorder, and depression that Ms. Hawkins alleges she suffered at work as a result of workplace bullying (*see* Sykes Decl. (Dkt. # 40) ¶ 4, Ex. B ("FECA Claim") at 1-2).

Ms. Hawkins filed her FTCA claim with the VA on October 24, 2013. (*See* Claim at 2.) The VA denied that claim on April 18, 2014, concluding that "there was no negligent or wrongful act on the part of an employee of the [VA] acting within the scope of his or her employment." (Denial (Dkt. # 1-2) at 2).) On October 1, 2014, Ms. Hawkins requested that the VA reconsider its denial. (Recons. (Dkt. # 1-3) at 2-4.)

Ms. Hawkins's FECA claim proceeded at a much slower pace. Ms. Hawkins filed that claim on October 23, 2014. (*See* 7/25/17 Johnson Decl. (Dkt. # 20) ¶ 3, Ex. E ("Hawkins Dep.") at 75:23-79:12 (stating that Ms. Hawkins filed her FECA claim with the VA on October 23, 2014); FECA Claim at 2 (identifying received date of October 23, 2014).) Although Ms. Hawkins filed her FECA claim in October 2014, the Department of Labor Office of Workers' Compensation Program ("OWCP") did not begin processing Ms. Hawkins's claim until October 2017.[3] (*See* 6/21/19 Johnson Decl. (Dkt. # 37) ¶ 2,

---

[3] The Government alleges that this delay occurred because Ms. Hawkins incorrectly filed her FECA claim with the VA instead of the Department of Labor. (*See* Mot. at 2 n.2.) During

Ex. A ("Notice of Decision") at 1 (stating that the Department of Labor sent Ms. Hawkins a notice of claim deficiencies on October 4, 2017).) On April 27, 2018, the OWCP issued a Notice of Decision denying Ms. Hawkins's claim. (*See* Notice of Decision.) The OWCP stated that it had considered evidence submitted by Ms. Hawkins and concluded that "the evidence does not establish that you were injured in the performance of a duty as required for coverage under [FECA]." (*See id.* at 2-4.) The OWCP found that there was insufficient evidence to establish workplace bullying or any error or abusive action by the VA in administering the meeting to address Ms. Hawkins's claims of bullying. (*See id.* at 3-5.) As such, Ms. Hawkins had failed to establish "that [she] sustained an emotional condition that arose during the course of employment and within the scope of compensable work factors as defined by the FECA." (*Id.* at 5.) The Government alleges that Ms. Hawkins did not exercise her right to appeal the OWCP's decision, and Ms. Hawkins does not dispute that claim. (*See* Mot. at 4; Resp. at 1-4.)

### 2. Federal Court Litigation

On April 6, 2016, after Ms. Hawkins's administrative FTCA claim had been denied, but while her administrative FECA claim remained pending, Ms. Hawkins filed this lawsuit. (*See* Dkt.) She brings an FTCA claim on theories of negligence, medical malpractice, corporate negligence, and violation of Washington's Vulnerable Adult Protection Act, RCW 74.34. (Compl. ¶¶ 5.1-5.32.) Ms. Hawkins seeks damages of $1,500,000.00 for "serious personal injuries, pain and suffering[,] and mental anguish."

---

her deposition, Ms. Hawkins acknowledged that she initially filed this claim with the VA. (*See* Hawkins Dep. at 77:19-78:9, 79:13-23.)

(*Id.* ¶¶ 6.1-6.2.) Ms. Hawkins also seeks special damages, including out-of-pocket costs, medical costs, lost income, loss of household services, and other special damages in an amount to be proven at trial. (*Id.* ¶ 6.3.) Ms. Hawkins contends that the Government is liable for negligence in her treatment and the supervision of her treatment because the treatments Drs. Doan and Jensen prescribed did not work, the doctors did not suggest any treatment for insomnia, and the doctors' care fell below that of a reasonably prudent physician. (*See id.* ¶¶ 4.15-4.22.)

On July 31, 2017, the court concluded that it lacked subject matter jurisdiction over this case because Ms. Hawkins's injuries gave rise to a colorable claim under FECA, which meant that her FTCA claims were preempted. (*See* 7/31/17 Order at 7-12.) The court recognized that, where a court determines that FECA may deprive it of jurisdiction, the proper course is to stay the case pending a determination by the Secretary of Labor on the plaintiff's FECA claim. (*See id.* at 12-13.) Despite that general rule, however, the court reasoned that a stay pending a decision from the Secretary of Labor would be inappropriate because Ms. Hawkins's complaint was time-barred. (*See id.* at 13-16.) Thus, the court dismissed Ms. Hawkins's case without prejudice. (*See id.*)

On August 30, 2017, Ms. Hawkins appealed the court's order dismissing her case. (Notice of Appeal (Dkt. # 25).) While that appeal was pending, the OWCP issued its notice of decision denying Ms. Hawkins's FECA claim. (*See* Notice of Decision.) After the OWCP's decision, the Government moved to voluntarily remand this case and vacate the court's judgment dismissing Ms. Hawkins's action so that it could file the current motion to dismiss for lack of subject matter jurisdiction. (*See* JSR (Dkt. # 34) at 1-2.)

The Court of Appeals for the Ninth Circuit granted the Government's unopposed motion and remanded this case with instructions to vacate. (*See* 2/26/19 Order (Dkt. # 31).)

The Government now requests that the court dismiss this case for lack of subject matter jurisdiction based on the OWCP's decision denying Ms. Hawkins's FECA claim. (*See* Mot. at 5-10.) Specifically, the Government alleges that the OWCP determined that Ms. Hawkins's claim alleged the type of injuries covered by FECA, which means this court lacks jurisdiction over Ms. Hawkins's FTCA claims. (*See id.*) The court now addresses the Government's motion.

## III. ANALYSIS

### A. Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) tests the court's subject matter jurisdiction. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004); *see also Oregon v. Legal Servs. Corp.*, 552 F.3d 965, 969 (9th Cir. 2009) ("An objection that a federal court lacks subject matter jurisdiction may be raised at any time."). "When a motion to dismiss attacks subject-matter jurisdiction under Rule 12(b)(1) on the face of the complaint, the court assumes the factual allegations in the complaint are true and draws all reasonable inferences in the plaintiff's favor." *City of L.A. v. JPMorgan Chase & Co.*, 22 F. Supp. 3d 1047, 1052 (C.D. Cal. 2014). A defendant may also mount a factual challenge, which the court resolves by considering extrinsic evidence. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). When a party raises the question of subject matter jurisdiction by factual motion,

//

the plaintiff bears the burden of establishing the court's jurisdiction by "furnish[ing] affidavits or other evidence." *Meyer*, 373 F.3d at 1039.

**B.	The Government's Motion**

The sole issue presented by the Government's motion is whether Ms. Hawkins's complaint pleads injuries that are preempted by FECA. (*See* Mot. at 5-10.) Subject to certain exceptions not relevant here, FECA provides "compensation . . . for the disability or death of an employee resulting from personal injury sustained while in the performance of his [or her] duty." 5 U.S.C. § 8102(a). FECA is the exclusive remedy for a federal employee's injury on the job. *See id.* § 8116(c) ("The liability of the United States . . . under this subchapter . . . is exclusive and instead of all other liability . . . ."). Thus, where a plaintiff's injury is "of the 'type' covered by FECA," FECA preempts all other statutory remedies arising under the same facts—including FTCA claims like the ones pleaded by Ms. Hawkins. *See Moe v. United States*, 326 F.3d 1065, 1068 (9th Cir. 2003) ("FECA's exclusivity provision bars recovery under the FTCA . . . ."). Whether the injury falls within FECA's scope "is a question that must be answered by the federal courts, because it is one of jurisdiction." *Id.* If FECA applies, "the federal courts should dismiss any action arising under the same facts for lack of subject matter jurisdiction." *Id.*; *Figueroa v. United States*, 7 F.3d 1405, 1407-08 (9th Cir. 1993).

The court already concluded that it lacked subject matter jurisdiction over this action because "Ms. Hawkins's FTCA claim colorably falls within FECA's scope." (7/31/17 Order at 10.) Specifically, the court determined that Ms. Hawkins alleged that she suffered a physical injury—"emotional distress coupled with her extreme

sleeplessness"—that arose as a result of three years of workplace harassment and a psychotic episode that took place at work, and that these allegations were sufficient to raise a "colorable" FECA claim. (*See id.* at 9-10.) In reaching that conclusion, the court addressed and rejected two arguments that Ms. Hawkins offered in support of her contention that FECA did not preempt her FTCA claims: "(1) the workplace incident exacerbated symptoms [Ms. Hawkins] experienced 'some 15 years earlier,' and (2) [Ms. Hawkins's] treating physicians subsequently caused the injuries upon which her [FTCA] claim is based." (*See id.* at 10-12.) The court rejected these arguments because FECA applies to existing injuries exacerbated by a workplace event and to claims of medical malpractice arising from the treatment of a workplace injury. (*See id.*) Ultimately, the court held that "Ms. Hawkins's injuries—even if they stem from earlier injuries or result from the alleged medical malpractice—give rise to a colorable FECA claim, divesting the court of jurisdiction over her FTCA claim." (*Id.* at 12.)

At the time of the court's prior order, the OWCP had not yet addressed Ms. Hawkins's FECA claim. (*Compare* Notice of Decision (dated April 27, 2018) *with* 7/31/17 Order.) The court noted that where there is a "substantial question regarding FECA coverage," courts should stay an action pending a determination by the Secretary of Labor on the FECA claim instead of dismissing for lack of jurisdiction.[4] (*See* 7/31/17

//

---

[4] Although the court recognized that other courts had taken this approach to FECA preemption claims, the court ultimately determined that a stay was pointless in this case because Ms. Hawkins's claims were time-barred. (*See* 7/31/17 Order at 13-16.) The Government no longer asserts that this case is time-barred. (*See generally* Mot.) As such, that issue is no longer before the court.

Order at 12-13.) Now that the OWCP has issued its decision, there is no longer a substantial question regarding FECA coverage. The OWCP concluded, as the court did, that Ms. Hawkins's claims were FECA claims. (*See* Notice of Decision at 2-5.)

Although the court is confident in this conclusion, the court notes that the OWCP's decision is not a model of clarity on this issue. The first line of the OWCP's decision states: "Your claim for compensation is denied because the evidence does not establish that you were injured in the performance of duty as required for coverage under [FECA]." (*Id.* at 1.) At first glance, that topline conclusion suggests that the OWCP found that Ms. Hawkins's claims were not, in fact, "covered" by FECA. However, the remainder of the decision makes clear that the OWCP reviewed the evidence submitted by Ms. Hawkins, determined that she raised the type of claims covered by FECA, but denied her claim because she lacked evidence to support her allegations. (*See id.* at 3-5.) For example, in response to Ms. Hawkins's claim that she was injured as a result of her co-worker's failure to attend the mediation, the OWCP noted that "coverage will be afforded [under FECA]" for injuries caused by "error or abuse on the part of the employing establishment" in handling administrative matters like employment mediations. (*See id.* at 4.) But the OWCP concluded that "[t]he evidence does not establish that the employing agency erred or acted abusively when the other employee failed to show for the mediation." (*Id.*) Similarly, in response to Ms. Hawkins's claims of harassment by her supervisor, the court noted that "actions of an employee's supervisor which the employee characterizes as harassment may constitute a factor of employment giving rise to coverage under [FECA]," but found that Ms. Hawkins's

harassment allegations were not supported by "any independent evidence." (*Id.* at 4-5.) As this analysis from the OWCP shows, the OWCP determined that Ms. Hawkins alleged FECA claims, but failed to substantiate those claims. (*See id.* at 3-5.) In other words, as the OWCP more precisely concluded, "[Ms. Hawkins's] case is denied (not because an emotional condition sustained in performance of duty would not be covered) but rather because the evidence is insufficient to establish that a medical condition arose during the course of employment and within the scope of compensable work factors." (*Id.* at 3.)

FECA preemption applies in cases like Ms. Hawkins's case where the Department of Labor determines that the claimant alleged a claim of workplace injury but failed to support that claim with sufficient evidence on the merits. *See, e.g.*, *Bennett v. Barnett*, 210 F.3d 272, 277 (5th Cir. 2000) ("While Bennett submitted her claim, it was not denied because of lack of coverage under the FECA, but for lack of proof. By ruling on the sufficiency of the evidence, the Secretary thought coverage existed. Thus, the district court did not have jurisdiction to try the claim."); *Smith v. Nicholson*, 287 F. App'x 402, 404 (5th Cir. 2008) (holding that where the Secretary of Labor denied a workplace injury claim "not for lack of coverage under FECA, but for insufficiency of proof," that denial was "fatal to [the plaintiff's] federal court action"); *Gonzalez v. United States*, No. 12CV5408LDHRLM, 2016 WL 11468593, at *3 (E.D.N.Y. Aug. 31, 2016) ("[T]he OWCP denied Plaintiff's administrative complaint for insufficient evidence. Such a denial was a determination on the merits, and, therefore, the OWCP determined that Plaintiff's claim was within the FECA's coverage. Accordingly, this Court is deprived of subject matter jurisdiction to adjudicate this claim."); *Borden v. United States*, No.

3:10CV374TSL-MTP, 2011 WL 4060227, at *2 (S.D. Miss. Aug. 26, 2011) (concluding that "[the Secretary of Labor's] dismissal for lack of sufficient proof of a compensable injury was a dismissal on the merits, and 'is fatal to his federal court action.'" (citing *Smith*, 287 F. App'x at 404)); *Scott v. U.S. Postal Serv.*, No. CIV A 05-0002 RWR, 2006 WL 2787832, at *4 (D.D.C. Sept. 26, 2006), *aff'd,* 258 F. App'x 333 (D.C. Cir. 2007) ("[E]ven though Scott was ultimately denied compensation under FECA [by the Employees Compensation Appeals Board ("ECAB")] based on a lack of competent medical evidence, that is immaterial to the issue of the Court's jurisdiction."); *Keller v. Dalton*, No. 95-CV-0712, 1996 WL 36893, at *3 (E.D. Pa. Jan. 29, 1996) (holding that the court lacked jurisdiction over claims where the OWCP "found that FECA's coverage extended to Plaintiff, [but] ruled that the evidence before it was insufficient to support the 'alleged mistreatment' of Plaintiff"); *Lewis v. Cisneros*, No. CIV. A. 94-3267, 1995 WL 33662, at *2 (E.D. La. Jan. 27, 1995) (dismissing case for lack of jurisdiction because "[t]he Order [from the Department of Labor] expressly denies plaintiff's claims for lack of evidence, not for jurisdictional flaws"); *Cardwell v. United States*, No. CIV. A. 92-0107, 1992 WL 368495, at *3 (E.D. Pa. Dec. 3, 1992), *aff'd*, 6 F.3d 778 (3d Cir. 1993) (inferring that the ECAB determined "that plaintiff's claim is cognizable under the FECA" because the ECAB "ruled on the merits of plaintiff's FECA claim).

This rule makes good sense, and the court adopts it here. Even though the Ninth Circuit has not yet explicitly adopted this rule, it has held that the FECA preemption inquiry should focus on whether the plaintiff's injury is "of the 'type' covered by FECA." *See Moe*, 326 F.3d at 1068. That guidance is in step with the rule articulated in the cases

cited above that FECA preemption applies where a plaintiff alleges a workplace injury but fails to prove those allegations on the merits. If a plaintiff comes to federal court with allegations that are "of the type" that fall under FECA, the court lacks jurisdiction and must dismiss so that the Department of Labor can adjudicate the claim. *See id.* That the plaintiff may ultimately fail to prove his or her allegations and obtain compensation in the Department of Labor proceeding does not mean that the plaintiff can escape FECA's preemptive grasp and file tort claims based on the same workplace injury in federal court. *See Smith*, 287 F. App'x at 404 ("If the Secretary concludes that a claim is governed by FECA, the courts have no jurisdiction either to review that determination or to consider the underlying claim. This is true whether or not the Secretary ultimately allows benefits under FECA.").

Here, the OWCP determined that Ms. Hawkins's allegations were "of the type" covered by FECA, but that her allegations were insufficient because Ms. Hawkins did not provide enough evidence to support them. (*See* Notice of Decision at 2-5.) The court has no jurisdiction to review that decision. *See* 5 U.S.C. § 8128(b); *see also Smith*, 287 F. App'x at 404 ("If the Secretary concludes that a claim is governed by FECA, the courts have no jurisdiction either to review that determination or to consider the underlying claim."). Thus, the court lacks subject matter jurisdiction over Ms. Hawkins's FTCA claims, and the court GRANTS the Government's motion.[5] The court therefore

---

[5] Even if the court could review the OWCP's decision and consider the merits of the arguments submitted by Ms. Hawkins, doing so would not change the outcome of this case. Ms. Hawkins made three arguments in support of her claim that her injuries do not fall under FECA: (1) that her "mental decompensation" is not an injury covered by FECA; (2) that her FTCA

DISMISSES Ms. Hawkins's case against the Government WITH PREJUDICE and without leave to amend.[6]

### IV. CONCLUSION

For the foregoing reasons, the court GRANTS the Government's motion (Dkt. # 36) and DISMISSES this case WITH PREJUDICE.

Dated this 30th day of September, 2019.

*[signature]*

JAMES L. ROBART
United States District Judge

---

malpractice claims are factually separate from her FECA claims; and (3) her injuries were pre-existing and, as such, not covered by FECA. (*See* Resp. at 6-10.) The court rejected each of these arguments in its prior order (*see* 7/31/17 Order at 7-12) and would do so again here if it had authority to do so.

[6] Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Here, no amendment can get around FECA's preemptive reach. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (explaining that dismissal without leave to amend is proper when amendment would be futile). Accordingly, the court dismisses Ms. Hawkins's complaint without leave to amend.