UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SABELITA HAWKINS,<br><br>              Plaintiff,<br><br>      v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>              Defendants. | CASE NO. C16-0498JLR<br><br>ORDER |

Before the court is the parties' Joint Status Report ("JSR"), in which the parties request relief from the discovery deadline and a continuance of the trial date. (JSR (Dkt. # 61).) Specifically, the parties request: (1) an extension of the discovery deadline from February 13, 2023 to May 18, 2023 to allow Defendants to conduct discovery on treatment providers for Ms. Hawkins who were not previously disclosed; and (2) a continuance of the trial date from June 12, 2023 to August 25, 2023. (*Id.* at 1.)

ORDER - 1

1          The court construes the parties' JSR as a motion for relief from deadlines and for a
2   continuance of the trial date.  This court "will not consider motions or stipulations to
3   continue the trial date absent exceptional circumstances."  U.S. Dist. Ct. W.D. Wash.,
4   *Judge James L. Robart Chambers Procedures:  Motions to Continue Trial Date* (Jan. 25,
5   2010),
6   https://www.wawd.uscourts.gov/sites/wawd/files/RobartTrialContinuanceRule.pdf.  This
7   court's scheduling order and Federal Rule of Civil Procedure 16(b)(4) also provide that
8   the case schedule may be modified "only upon good cause shown."  (Sched. Order (Dkt.
9   # 60) at 2); Fed. R. Civ. P. 16(b)(4).  "Good cause" for purposes of Rule 16 focuses on
10  the diligence of the party seeking to modify the pretrial scheduling order.  *Johnson v.*
11  *Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).  To show "good
12  cause," a party must show that it could not meet the deadline imposed by the scheduling
13  order despite its diligence.  *Id.* at 609.  Failure to complete discovery within the time
14  allowed is not recognized as good cause.  (Sched. Order at 2.)
15         The court concludes that the parties have not established that they are unable to
16  meet the discovery deadline despite their diligence.  *See Johnson*, 975 F.2d at 609.
17  Therefore, the parties have not shown good cause good cause to extend the discovery
18  deadline or continue the trial date, and the court accordingly DENIES their motion (Dkt.
19  # 61) without prejudice.  Even if the parties had shown good cause, the court is unable to
20  grant a two-and-a-half-month continuance.  The court has a full trial calendar and will not
21  imperil the trial dates of other parties.  Nevertheless, the parties are not without options.
22  The court is willing to consider moving the parties' trial date to the end of its trial

calendar.  The parties should be aware that the court is presently scheduling trials in the summer of 2024.  If the court moves this matter to the end of its trial calendar, the court will also issue a new scheduling order with respect to all unexpired pretrial deadlines.  If the parties wish to seek this relief, they should file a stipulated motion to that effect.

Filed and entered this 20th day of January, 2023.

JAMES L. ROBART
United States District Judge