UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SABELITA HAWKINS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　　　Defendants. | CASE NO. C16-0498JLR<br><br>ORDER |

## I.　INTRODUCTION

Before the court is Defendant the United States of America's (the "United States") motion for a protective order under Federal Rule of Civil Procedure 26(c). (Mot. (Dkt. # 72); Reply (Dkt. # 74).) The United States argues that Plaintiff Sabelita Hawkins should be forbidden from seeking discovery related to liability because the deadline for liability discovery expired on February 13, 2023. (Mot.) Ms. Hawkins does not address the substance of the United States's motion in her limited response. (*See generally* Resp.

ORDER - 1

1   (Dkt. # 73).)  Instead, she asks the court to extend her deadline to respond to the motion
2   until after October 10, 2024, due to her back surgery on September 26, 2024.  (*Id.* at 2.)
3   The court DENIES Ms. Hawkins's request for an extension and GRANTS the United
4   States's motion for a protective order.

## II.   BACKGROUND

6        On November 22, 2021, the Ninth Circuit Court of Appeals issued a mandate
7   reversing the court's dismissal of Ms. Hawkins's complaint and remanding the matter
8   back to this court.  (*See* 9th Cir. Opinion (Dkt. # 49); Mandate (Dkt. # 50); *see also*
9   9/30/19 Order (Dkt. # 42).)  After the matter returned to this court, the parties engaged in
10  settlement discussions until June 2022, when they alerted the court that there was no
11  likelihood of settlement and asked for a trial date in June 2023.  (6/10/22 Status Report
12  (Dkt. # 59) (representing that the parties "contemplate[d] needing to conduct additional
13  discovery, including expert witness depositions, in preparation for trial").[1])  The court
14  granted the parties' motion and entered a scheduling order setting trial on June 12, 2023,
15  and the discovery completion deadline on February 13, 2023.  (6/24/22 Sched. Order
16  (Dkt. # 60).)

17       On January 13, 2023, the parties submitted a joint status report regarding "recently
18  discovered" additional treatment providers whom Ms. Hawkins had not previously
19  disclosed.  (1/13/23 Status Report (Dkt. # 61).)  Shortly thereafter, the parties filed a

---

[1] The parties had already engaged in discovery in this matter before the court dismissed Ms. Hawkins's claims.  (*See, e.g.*, 5/22/17 Stip. Mot. (Dkt. # 14) (seeking an extension of the discovery deadline to allow time for the parties to schedule certain depositions).)

stipulated motion in which they sought an extension of the trial date and pretrial deadlines because the United States "need[ed] to collect and review the records of these additional treatment providers" and because the parties "need to update the damage discovery following the receipt of these records." (2/3/23 Stip. (Dkt. # 63) at 2; *see also id.* at 3 ("The February 13, 2023 discovery deadline does not provide the Parties sufficient time to prepare discovery and update the damage discovery following the receipt of the Plaintiff's records.").) Based on the parties' representation that the continuance was necessary to "update the damage discovery," the court granted the stipulated motion. (*See* 2/6/23 Order (Dkt. # 64) at 5 (entering the parties' proposed order).) The court continued the parties' trial to June 3, 2024, and reset the discovery completion deadline on February 5, 2024. (*See* 2/7/23 Sched. Order (Dkt. # 65).)

On January 29, 2024—just one week before the new discovery deadline—the parties filed a stipulated motion in which Ms. Hawkins sought, and the United States did not oppose, a further continuance of the trial date and related pretrial deadlines. (1/29/24 Stip. (Dkt. # 66) at 1.) Ms. Hawkins represented that the extension was necessary for the following reasons:

> (1) Parties received, nearly three thousand pages, of the discovery from the Plaintiff's, Ms. Sabelita Hawkins, additional treatment providers, which were not previously disclosed in 2016; (2) The United States has already collected and reviewed the updated discovery; (3) the United States will need to respond to the Plaintiff's Supplemental Interrogatories; (4) the United States need to depose Ms. Hawkins to inquire into the additional records and (5) Additionally, the parties will also need to update the damage discovery following the receipt of these records.

ORDER - 3

1 (*Id.* at 5.) Based on the representation that the parties sought a further extension of
2 deadlines to enable them to complete discovery on damages, the court granted the parties'
3 motion. (*See* 2/5/24 Order (Dkt. # 69) at 2 (noting that the extension was needed "to
4 update the damage discovery following receipt of the new records").) The court
5 continued trial to February 10, 2025, and reset the discovery deadline on October 15,
6 2024. (2/7/24 Sched. Order (Dkt. # 70).)

7 On September 6, 2024, Ms. Hawkins served on the United States a set of 63
8 requests for admission related to liability. (*See* Mot., Ex. A at 11-33.) The parties
9 conferred on September 19 and 20, 2024, but could not reach a resolution. (*See* Mot. at
10 1.) On September 20, 2024, counsel for Ms. Hawkins filed a notice that she would be
11 unavailable between September 26, 2024, and October 10, 2024, due to her upcoming
12 back surgery. (Not. (Dkt. # 71).) The United States filed the instant motion for a
13 protective order later that same day. (Mot.) Ms. Hawkins filed her response seeking an
14 extension of time on September 26, 2024. (Resp.) The United States filed its reply on
15 October 4, 2024. (Reply.) According to the United States, counsel for Ms. Hawkins
16 stated in an October 3, 2024 email message that she now also intends to depose the
17 United States's expert witness on liability, even though his expert report was disclosed in
18 December 2022. (*Id.* at 2.) Thus, the United States thus also asks for a protective order
19 to forbid this additional liability-related discovery. (*Id.*)

20 **III.   ANALYSIS AND CONCLUSION**

21 The United States argues that it never agreed to extend the deadline for
22 liability-related discovery beyond February 13, 2023; that it agreed to stipulate to

continuances solely for the purpose of updating damages discovery; and that the parties indeed have not conducted any liability-related discovery since before that deadline expired.  (*See id.* at 3.)  Thus, the United States contends that it is entitled to a protective order forbidding any further liability-related discovery and ordering that the United States is not required to respond to the Ms. Hawkins's latest requests for admission.  (*Id.* at 4.)

The court has discretion to issue a protective order forbidding or limiting discovery to protect a party from undue burden or expense.  Fed. R. Civ. P. 26(c)(1)(A).  Based on the parties' representations in their February 3, 2023 and January 29, 2024 stipulated motions, the court understood that the requested extensions were for the purpose of completing <u>damages</u> discovery only.  The court relied on those representations when it granted the motions and twice continued the trial date and discovery deadline.

Ms. Hawkins's attorney does not explain why she could not have responded substantively to the United States's motion between September 20, 2024, and September 26, 2024 (*see* Resp. at 1-2 (acknowledging that the United States served a copy of the filed motion on counsel on September 20)), and the court concludes that there is nothing Ms. Hawkins could say in a further response to the United States's motion that would influence its analysis.  Therefore, having reviewed the parties' submissions, the relevant portions of the record, and the governing law, the court DENIES Ms. Hawkins's request for an extension of time to file her response (Dkt. # 73) and GRANTS the United States's motion for a protective order (Dkt. # 72).  The court ORDERS that neither party shall serve any further discovery in this case related to liability; that the United States need not

ORDER - 5

1  respond to Ms. Hawkins's September 6, 2024 requests for admission; and that the

2  deposition of the United States's expert witness on liability shall not go forward.

3  Dated this 9th day of October, 2024.

JAMES L. ROBART
United States District Judge