UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SABELITA HAWKINS,<br><br>    Plaintiff,<br><br> v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | CASE NO. C16-0498JLR<br><br>ORDER |

## I. INTRODUCTION

Before the court is Plaintiff Sabelita Hawkins's motion for reconsideration of the court's October 9, 2024 order granting Defendant the United States of America's (the "United States") motion for a protective order and denying Ms. Hawkins's request for an extension of time to respond to that motion. (MFR (Dkt. # 76); Sykes Decl. (Dkt. # 78); *see also* MPO (Dkt. # 72); 10/9/24 Order (Dkt. # 75).) The court DENIES Ms. Hawkins's motion for reconsideration.

ORDER - 1

## II. BACKGROUND[1] AND ANALYSIS

A motion for reconsideration is an "extraordinary remedy . . . to be used sparingly" and the movant bears a "heavy burden." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rules W.D. Wash. 7(h)(1).

Ms. Hawkins argues that the following "new facts" support her request for reconsideration: (1) Ms. Hawkins's counsel was taking new medications "that were affecting her memory and ability to concentrate" when Ms. Hawkins filed her September 26, 2024 response to the motion for protective order; (2) Ms. Hawkins "did not interpret" the court's February 6, 2023 order as setting February 13, 2023 "as the final deadline" for liability discovery; and (3) Ms. Hawkins "never received [responses to] the supplemental interrogatories related to the new records" from the United States. (MFR at 4-5; *see also* MFR at 2 ("[Ms. Hawkins] bring[s] to the Court's attention new facts that [she] could not have brought to the attention of the Court earlier"); 2/6/23 Order (Dkt. # 64) (granting the parties' stipulated motion to extend the deadline for the United States to respond to Ms. Hawkins's supplemental interrogatories and to complete damages discovery to February 5, 2024).) The court addresses each of Ms. Hawkins's arguments below.

---

[1] The court detailed the factual and procedural background of this case in its October 9, 2024 order and does not repeat that background here, except as necessary to the court's analysis. (*See* 10/9/24 Order at 2-4.)

ORDER - 2

### A. The Medications.

Ms. Hawkins asks the court to reconsider its denial of her extension request because two new medications "were affecting her [counsel's] memory and ability to concentrate." (MFR at 2, 4-5.) She asserts that these side effects "explain why [her counsel] could not have responded substantively" to the United States's motion for protective order between September 20, 2024 and September 26, 2024. (MFR at 4 (quoting 10/9/24 Order).) Ms. Hawkins's counsel represents that she was "unaware" of these side effects at the time she prepared her September 26 response to the motion for protective order and that counsel did not learn of these side effects until she attended a post-operative appointment with her physician on October 10, 2024—two weeks after she filed the response. (MFR at 4; *see also* Sykes Decl. ¶ 3, Ex. A.)[2]

Ms. Hawkins asserts that these facts provide "[g]ood cause" to extend her deadline to respond to the United States's motion for protective order. (MFR at 4-5 (citing Fed. R. Civ. P. 6(b)(1)(A).) Ms. Hawkins does not explain, however, how the side effects counsel learned about after-the-fact would have prevented counsel from filing a *substantive* response to the United States's motion for protective order between September 20 and September 26, when she in fact filed a *nonsubstantive* response on

---

[2] Ms. Hawkins cites Exhibit A of the Sykes Declaration—an October 10, 2024 letter from counsel's physician—to support her assertion that her counsel first learned about the side effects of her new medications on October 10, 2024. (MFR at 4 n.15.) The court notes, however, that counsel's medications are not mentioned at all in the October 10, 2024 letter—they are mentioned in the letter dated October 22, 2024. (*See generally* Sykes Decl., Ex. A; *see* Sykes Decl. ¶ 4, Ex. B.)

September 26.  (*See generally* MPO Resp. (Dkt. # 73).)  The court does not find these "new facts" persuasive.

### B.  The Liability Discovery Deadline.

The court's October 9, 2024 order provides in part that "neither party shall serve any further discovery in this case related to liability[.]"  (10/9/24 Order at 5.)  Ms. Hawkins asks the court to reconsider this part of the order because she "did not interpret" the court's February 6, 2023 order as setting February 13, 2023 as the final deadline for liability discovery.  (*See* MFR at 5 (citing 2/3/23 Joint Stip. (Dkt. # 63).)  Rather, Ms. Hawkins understood that the parties had agreed to extend all discovery deadlines past February 13, 2023.  (*See id.* (citing 2/3/23 Joint Stip).)

An analysis of Ms. Hawkins's claim requires an understanding of the procedural history of this case.  After the Ninth Circuit Court of Appeals remanded this matter, the court set the discovery completion deadline on February 13, 2023.  (6/24/22 Sched. Order (Dkt. # 60).)  On January 13, 2023, the parties submitted a joint status report regarding "recently discovered" additional treatment providers whom Ms. Hawkins had not previously disclosed.  (1/13/23 JSR (Dkt. # 61).)  The parties sought an extension of the trial date and pretrial deadlines so the United States could "collect and review the records of these additional treatment providers" and because the parties "need[ed] to update the damage discovery following the receipt of these records."  (2/3/23 Joint Stip. at 2.)  The court granted the parties' stipulated motion; continued trial to June 3, 2024; and reset the discovery completion deadline to February 5, 2024.  (*See* 2/6/23 Order (Dkt. # 64) at 5; 2/7/23 Sched. Order (Dkt. # 65).)

A week before the February 5, 2024 discovery deadline, Ms. Hawkins requested a further continuance of the trial and related pretrial deadlines. (1/29/24 Mot. (Dkt. # 66) at 1.)[3] Ms. Hawkins represented that the additional extension was necessary for the following reasons:

> (1) [The] Parties received, nearly three thousand pages, of the discovery from the Plaintiff's, Ms. Sabelita Hawkins, additional treatment providers, which were not previously disclosed in 2016; (2) The United States has already collected and reviewed the updated discovery; (3) the United States will need to respond to the Plaintiff's Supplemental Interrogatories; (4) the United States need[s] to depose Ms. Hawkins to inquire into the additional records and (5) Additionally, the parties will also need to update the damage discovery following the receipt of these records.

(1/29/24 Mot. at 5.) The court again continued the trial date and reset the discovery deadline on October 15, 2024 based on the representation that the extension was needed to "update the damage discovery following receipt of the new records." (2/5/24 Order (Dkt. # 69) at 2; *see also* 2/7/24 Sched. Order (Dkt. # 70).)

Ms. Hawkins now argues that the parties agreed to extend *both* the liability and damages discovery deadlines beyond February 13, 2023. (*See generally* MFR.) She bases this assertion on language in the parties' stipulation stating that "[t]he February 13, 2023 discovery deadline d[id] not provide the parties sufficient time to **prepare discovery** and update the damage discovery following the receipt of" the additional records. (MFR at 5-6 (citing 2/3/23 Joint Stip. at 3) (emphasis in original).) Ms. Hawkins asserts that the conjunction "and" indicates "two separate items that both parties were working on." (MFR at 6.)

---

[3] The United States did not oppose this request. (*See id.*)

1      As a threshold matter, this argument is too late, as Ms. Hawkins could have
2   "brought [this argument] to [the court's] attention" in her September 26 response to
3   United States's motion for protective order.  *See* Local Rules W.D. Wash. 7(h)(1).
4   Furthermore, the court finds no merit in Ms. Hawkins's argument.  The parties have
5   consistently represented that extensions of the trial date and pretrial deadlines were
6   necessary so the "United States . . . [can] collect and review the records of th[e]
7   additional treatment providers" and the parties can "update the damage discovery
8   following the receipt of these records."  (1/13/23 JSR at 1; *see* 2/3/23 Joint Stip. at 3;
9   2/6/23 Order (entering 2/3/23 Joint Stip.); 1/29/24 Mot. at 2.)  As the court made clear in
10  its October 9, 2024 order, the court extended the trial date and pretrial deadlines based on
11  this representation.  (10/9/24 Order at 5.)  Accordingly, the court will not reconsider its
12  October 9, 2024 order on these grounds.

13       **C.  Ms. Hawkins's Supplemental Discovery.**

14       Ms. Hawkins also asks the court to reconsider the part of its October 9, 2024 order
15  providing that "the United States need not respond to Ms. Hawkins's September 6, 2024
16  requests for admission[.]"  (MFR at 5; *see* 10/9/24 Order at 5-6.)  As relevant here, the
17  United States moved the court to order that it need not respond to 63 requests for
18  admission served by Ms. Hawkins because the requests were "directed toward
19  liability."  (*See* MPO at 3-4; *see id.*, Ex. A at 11-33.)  Ms. Hawkins has not challenged
20  the United States's characterization of the requests for admission.  (*See generally* MPO
21  Resp.; MFR.)

22

ORDER - 6

Ms. Hawkins contends that she served the requests for admission because the United States "[did] no[t] answer [her prior] supplemental interrogatories[.]"[4] This argument does not change the court's analysis. Setting aside the substance of the discovery requests, "[a] motion to compel is [the] appropriate [remedy] when a party fails to provide responses to interrogatories[.]" *Beckner v. El Cajon Police Dept.*, No. 07-cv-0059-W (BLM), 2008 WL 2033708, at *2 (S.D. Cal. May 9, 2008). Ms. Hawkins did not file such a motion before the discovery deadline expired. (*See generally* Dkt.) Therefore, this argument is also too late.

Accordingly, the court concludes that Ms. Hawkins has not met her "heavy burden" to justify reconsideration of the court's prior decision. *See Kona Enters., Inc.*, 229 F.3d at 890.

### III.  CONCLUSION

For the foregoing reasons, the court DENIES Ms. Hawkins's motion for reconsideration of the court's October 9, 2024 order (Dkt. # 76).

Dated this 28th day of October, 2024.

JAMES L. ROBART
United States District Judge

---

[4] It is not clear from the record when Ms. Hawkins served these interrogatories on the United States or what the interrogatories covered, but Ms. Hawkins's motion suggests that the interrogatories were served sometime before the court's February 5, 2024 order, and may have covered issues relating to liability. (*See* MFR at 5.)