UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SABELITA HAWKINS,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | CASE NO. C16-0498JLR<br><br>ORDER |

## I.   INTRODUCTION

Before the court is Defendant United States of America's ("the Government") motion to dismiss for lack of subject matter jurisdiction and for summary judgment. (Mot. (Dkt. # 81); Reply (Dkt. # 95).)  Plaintiff Sabelita Hawkins opposes the Government's motion. (Resp. (Dkt. # 92).)[1]  The court has considered the Government's

---

[1] Ms. Hawkins filed her brief one day late as a result of "software issues" "beyond her [counsel's] control." (See Sykes Amend. Decl. (Dkt. # 99) ¶¶ 4-5.) The court exercises its

motion, the parties' submissions in support of and in opposition to the motion, the relevant portions of the record, and the applicable law. Being fully advised,[2] the court GRANTS in part and DENIES in part the Government's motion.

## II.  BACKGROUND

This matter arises from a psychotic episode that Ms. Hawkins alleges she suffered as a result of Defendants the Government, the Department of Veterans Affairs, the VA Puget Sound Healthcare System, and John and Jane Does 1-10's ("Defendants") failure to adequately treat her mental health symptoms. (*See* Compl. (Dkt. # 1) ¶ 4.5.) On October 22, 2011, Ms. Hawkins was hospitalized after experiencing a psychotic episode at work after she was subjected to alleged workplace harassment. (Johnson Reply Decl. (Dkt. # 96) ¶ 2, Ex. A ("Discovery Responses") at 8-9[3].) Ms. Hawkins experienced a second psychotic episode on December 15, 2011. (*Id.* at 11.) During this second episode, she attacked her mother and was arrested. (*Id.* at 9-10.)

Ms. Hawkins was charged with assault in the first and third degrees in connection with her conduct during the psychotic episodes. (Johnson Mot. Decl. (Dkt. # 82) ¶ 2, Ex. A at 9, 18.) She initially pleaded not guilty by reason of insanity to both charges. (*Id.* at

---

discretion to consider her untimely filing this time. The court warns Ms. Hawkins, however, that the court will not accept any further late-filed documents in this action.

[2] The parties do not request oral argument (*see* Mot. at 1; Resp. at 1), and the court concludes that oral argument is not necessary to decide the motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

[3] When citing to exhibits, the court refers to the CM/ECF page numbers at the top of the page.

ORDER - 2

16-19.)  As part of a plea agreement, however, the State amended the charges to felony harassment (domestic violence) in violation of RCW 9A.46.020(1) and (2)(b), and malicious mischief in the second degree in violation of RCW 9A.48.080(1)(a).  (*Id.* at 24-27, 50.)  On December 21, 2012, Ms. Hawkins changed her plea from not guilty by reason of insanity to guilty for both charges.  (*Id.*)  In 2023, the state court vacated her convictions from her record under RCW 9.94A.640, which authorizes the court to vacate a conviction from an offender's public criminal history record after completion of their sentence.  (*See* 2/7/23 Order (CR Dkt. # 111), *State of Washington v. Isabelita Hawkins*, No. 11-1-08483-0 (Super. Ct. Wash).)

      Ms. Hawkins now alleges that Defendants' failure to treat her mental health symptoms "caused [her] second psychotic break . . . [and] led to a violent unprovoked attack against" her mother and her subsequent incarceration.  (Discovery Responses at 9.)  She also claims the following losses:

> Disruption of family life, loss of liberty for one year, loss of past earnings due to loss of employment related to incarceration[,] [l]oss of earning potential (due to suspension of nursing license), financial stress due to approximately $50,000 in legal fees for both criminal and child custody case, loss of future employment due to criminal charges of felony harassment and [f]elony malicious mischief[;]
>
> [S]eparat[ion] from [her] 18-month [old] daughter for a year, . . . and continuation of depression, insomnia, anxiety, PTSD, and deficiencies in concentration and memory.

(*Id*. at 10, 13.)

      Ms. Hawkins now brings suit against Defendants under the Federal Tort Claims Act ("FTCA") on theories of medical malpractice, negligence under the doctrine of *res*

ORDER - 3

*ipsa loquitur*, corporate negligence, and violation of Washington's Abuse of Vulnerable Adults Act ("AVAA"), ch. 74.34 RCW. (Compl. ¶¶ 5.1-5.32.)[4]

### III.  ANALYSIS

The court first addresses the Government's motion to dismiss, and then addresses the Government's motion for summary judgment.

**A.   Motion To Dismiss**

The Government contends that the Department of Veterans Affairs, the VA Puget Sound Healthcare System, and the John and Jane Doe Defendants cannot be sued under the FTCA. It also asserts that Ms. Hawkins's corporate negligence and AVAA claims are not cognizable under the FTCA. The court first discusses the applicable legal standard, then addresses the Government's arguments in turn.

  1. <u>Rule 12(b)(1) Legal Standard</u>

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). "If a claim does not fall squarely within the strict terms of a waiver of sovereign immunity, a district court is without subject matter jurisdiction." *Daniel v. United States*, No. C15-5748RJB, 2016 WL 258619, at *3 (W.D. Wash. Jan. 21, 2016) (citing *Mundy v. United States*, 983 F.2d 950, 952 (9th Cir. 1993)). The FTCA is a limited waiver of sovereign immunity,

---

[4] As stated in the court's July 31, 2017 order, the court construes Ms. Hawkins's complaint as pleading one claim under the FTCA on multiple theories of liability. (7/31/17 (Order (Dkt. # 23) at 4 n.3; *see* Compl. ¶¶ 5.1-5.32.)

rendering the United States amenable to liability for certain torts committed by federal employees. *See* 28 U.S.C. § 1346(b)(1).

### 2. The Court Does Not Have Jurisdiction Over The FTCA Claims Against The Department Of Veterans Affairs, The VA Puget Sound Healthcare System, And The John And Jane Doe Defendants

The Government argues that Ms. Hawkins's FTCA claims against the Department of Veterans Affairs, the VA Puget Sound Healthcare System, and the John and Jane Doe Defendants must be dismissed because "they are not proper parties under the FTCA." (Mot. at 8.) Ms. Hawkins counters that these claims stand because Defendants are "[e]mployees of the government" capable of being sued under the FTCA. (Resp. at 3 (citing 28 U.S.C. § 2671) (defining "[e]mployees of the government" to include "officers or employees of any federal agency" and "persons acting on behalf of a federal agency in an official capacity").)

The Government is correct that "[t]he United States is the "only proper defendant in an FTCA action." *Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998); *see also Lance v. United States*, 70 F.3d 1093, 1094 (9th Cir. 1995) (same). "The FTCA is the exclusive remedy for tort actions against a federal agency, and that is so despite the statutory authority of any agency to . . . be sued in its own name." *Kennedy*, 145 F.3d at 1078 (citing 28 U.S.C. § 2679(a)). An FTCA claim against the Department of Veterans Affairs, the VA Puget Sound Healthcare System, and the John and Jane Does "in [their] own name[s] is not a claim against the United States" and therefore must be dismissed. *Id.* (affirming dismissal of FTCA claim against the United States Postal Service because it was "not a claim against the United States."). *See also Hoot v. United States*, No.

2:22-CV-0280-TOR, 2023 WL 2145494, at *1 (E.D. Wash. Feb. 21, 2023) (dismissing FTCA claim against the Department of Veterans Affairs, the Mann-Grandstaff VA Medical Center, and John and Jane Doe defendants for lack of subject matter jurisdiction); *Christman v. Dep't of Air Force*, No. 2:10-CV-00265-GMN, 2011 WL 1103461, at *3 (D. Nev. Mar. 3, 2011) (dismissing FTCA claim against the Department of Air Force for lack of subject matter jurisdiction).

Ms. Hawkins asserts that the jurisdictional question and the substance of her FTCA claim "are so intertwined that the question of jurisdiction is dependent on the resolution of . . . the merits of the action." (Resp. at 4 (quoting *Sun Valley Gasoline, Inc. v. Ernst Enters., Inc.* 711 F.2d 138, 139 (9th Cir. 1983), and *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)).) This argument ignores the fundamental principle that only the United States is a proper defendant in an FTCA action. *Kennedy*, 145 F.3d at 1078. In any event, in the cases cited by Ms. Hawkins finding such intertwinement, the courts could not determine whether they had jurisdiction over the action without first resolving a factual question pertaining to the merits of the plaintiff's claims. *See, e.g.*, *Augustine*, 704 F.2d at 1078 ("Whether the court has subject matter jurisdiction here depends on when Augustine's claim 'accrued[.]'"); *Sun Valley*, 711 F.2d at 139 (affirming dismissal for lack of jurisdiction "based on a factual finding" that the parties were not in a "franchise relationship" as defined in the applicable statute); *Thornhill Pub. Co., Inc. v. General Tel. & Electronics Corp.*, 594 F.2d 730, 735 (9th Cir. 1979) ("the jurisdictional question . . . is whether defendants' conduct had a sufficient relationship to interstate commerce . . . [while] the substantive issue . . . is whether defendants

participated in anti-competitive conduct") (citation omitted). Here, the court need not resolve any factual questions related to the merits of Ms. Hawkins's FTCA claim to determine whether Defendants are properly named in this action. Accordingly, the court dismisses the Department of Veterans Affairs, the VA Puget Sound Healthcare System, and the John and Jane Doe Defendants from this action with prejudice.[5]

    3.  <u>Ms. Hawkins's Corporate Negligence And AVAA Claims Are Not Cognizable Under The FTCA</u>

Ms. Hawkins alleges that the Government is liable for the VA Puget Sound Healthcare System's corporate negligence. (*See* Compl. ¶¶ 5.21-5.26.) The Government contends that this corporate negligence claim is barred by sovereign immunity. (Mot. at 9.) Ms. Hawkins did not address the substance of the Government's argument in her response. (*See generally* Resp.); *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (where plaintiff's opposition failed to address arguments in defendant's motion to dismiss, plaintiff "effectively abandoned" the claim); *Renato v. Beaulieu*, No. C20-0708RSM, 2022 WL 1607919, at *11 (W.D. Wash. May 20, 2022) (accepting plaintiff's failure to "substantively respond" to defendant's legal arguments "as an admission that the motion has merit"); *Kroeger v. Vertex Aerospace LLC*, No. CV

---

[5] Ms. Hawkins also appears to assert that the court has jurisdiction over these Defendants because the Ninth Circuit previously reversed the court's November 30, 2019 order dismissing Ms. Hawkins's FTCA claim for lack of subject jurisdiction on the grounds that her claim was covered by the Federal Employees Compensation Act ("FECA"). (Resp. at 2-3 (citing 11/30/19 Order (Dkt. # 42); Ninth Cir. Op. (Dkt. # 49) at 8).) But the Ninth Circuit's judgment that Ms. Hawkins's FTCA claim was not covered by FECA and that she is entitled to pursue an FTCA claim against *the United States* does not mean that she can pursue an FTCA claim against the Department of Veterans Affairs, the VA Puget Sound Healthcare System, and the John and Jane Doe Defendants.

ORDER - 7

20-3030-JFW(AGRx), 2020 WL 3546086, at *8 (C.D. Cal. June 30, 2020) (noting that failure to respond to an argument put forward in an opening brief constitutes waiver). Under the FTCA, the Government's sovereign immunity is waived only "where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Jachetta v. United States*, 653 F.3d 898 (9th Cir. 2011) (quoting 28 U.S.C. § 1346(b)(1)).  The plain language of the statute therefore makes clear that the Government may only be sued where an individual *person*—not corporations or other institutions—would be liable under the applicable state law.  *See Adams v. United States*, 420 F.3d 1049, 1051 (9th Cir. 2005) (holding that "person" as used in the FTCA "does not include corporations."); *see also id* at 1054-55 (holding that "'employee of the government' as used in 28 U.S.C. § 2671 does not include corporations.").  Ms. Hawkins has not cited any caselaw extending a hospital's liability for corporate negligence to a private person, and the court is not aware of any such law.  *See also Hoot*, 2023 WL 2145494, at *3 (holding plaintiff's corporate negligence claim against hospital is not actionable under the FTCA).  Accordingly, the court agrees with the Government that sovereign immunity bars Ms. Hawkins's corporate negligence claim.

Ms. Hawkins also seeks to hold Defendants liable under the AVAA.  *See* ch. 74.34 RCW.  The Government contends that Ms. Hawkins's AVAA claim suffers from the same deficiencies as her corporate negligence claim.  (Mot. at 9-10.)  Ms. Hawkins did not address the Government's arguments in her response and thus has abandoned her AVAA claim.  (*See generally* Resp.); *Walsh*, 471 F.3d at 1037.  But even if she had

responded, dismissal would be warranted. The AVAA was enacted to protect vulnerable adults from abuse or neglect "while residing in a facility or in the case of a person residing at home who receives care from a home health, hospice, or home care agency, or an individual provider." RCW 74.34.200(1). A private cause of action under the AVAA is available only if

> the defendant is or was a corporation, trust, unincorporated association, partnership, administrator, employee, agent, officer, partner, or director of a facility, or of a home health, hospice, or home care agency licensed or required to be licensed under chapter 70.127 RCW, as now or subsequently designated, or an individual provider.

*Id.* As relevant here, a "facility" is defined under the statute as an assisted living or nursing home, rehabilitation center, and other entities licensed by the Washington State Department of Social and Health Services ("DSHS"). RCW 74.34.020(6), (5). An "individual provider" is "a person under contract with [DSHS] to provide services in the [plaintiff's] home[.]" RCW 74.34.020(10).

      Ms. Hawkins has not directed the court to any evidence that the VA Puget Sound Healthcare System is a "facility" within the meaning of the AVAA. (*See generally* Resp.) Consequently, she cannot show that the VA Puget Sound Healthcare System is a proper defendant under the AVAA. And even if the VA Puget Sound Healthcare System qualifies as a "facility" under the AVAA, Ms. Hawkins has not shown that her AVAA claim overcomes the sovereign immunity bar. *See Hoot*, 2023 WL 2145494, at *3 ("There are insufficient factual allegations showing the VA hospital is a 'facility' . . . and that Congress waived sovereign immunity with respect to this state statute.").

Accordingly, the court concludes that Ms. Hawkins's corporate negligence and AVAA claims must be dismissed.

**B.     Motion For Summary Judgment**

The Government moves for summary judgment in its favor on Ms. Hawkins's *res ipsa loquitur*[6] theory of negligence. (Mot. at 11.) It also contends that her medical malpractice claim is, as a matter of law, barred by collateral estoppel. (*See id.* at 13-17.) The court first discusses the applicable legal standard, followed by an analysis of the Government's claims.

1. <u>Summary Judgment Legal Standard</u>

Summary judgment is appropriate if the evidence shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is "material" if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "'genuine' only if there is sufficient evidence for a reasonable fact finder to find for" the nonmoving party. *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001) (citing *Anderson*, 477 U.S. at 248-49). The court must "view[] the evidence in the light most favorable to the nonmoving party." *Kaelin v. Globe Comm'ns Corp.*, 162 F.3d 1036, 1039 (9th Cir. 1998).

---

[6] The Government contends that Ms. Hawkins incorrectly "asserted res ipsa loquitur as a separate cause of action" rather than as a "theory of proof." (Mot. at 11.) For purposes of resolving the Government's motion, the court construes Ms. Hawkins's "Count II Res Ipsa Loquit[u]r/Inference Of Negligence" claim as pleading a "theory of proof" for her negligence claims. (Compl. ¶¶ 5.8-5.20.)

The moving party bears the initial burden of showing there is no genuine dispute of material fact and that it is entitled to prevail as a matter of law. *Celotex*, 477 U.S. at 323. The burden then shifts to the nonmoving party to identify specific facts from which a factfinder could reasonably find in the nonmoving party's favor. *Id*. at 324; *Anderson*, 477 U.S. at 250. To defeat a summary judgment motion, the nonmoving party "must present significant probative evidence tending to support its claim or defense." *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). The court must take the nonmoving party's evidence as true and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

2. <u>Ms. Hawkins Cannot Show That Res Ipsa Loquitur Applies In This Case</u>

The doctrine of *res ipsa loquitur* "is a tool of circumstantial evidence" that "provides a permissive inference" of negligence by the defendant. *Wells v. Nespelem Valley Elec. Coop., Inc.*, 462 P.3d 855, 859 (Wash. Ct. App. 2010).[7] Under Washington law, the doctrine applies when the plaintiff shows that:

> (1) the accident or occurrence producing the injury is of a kind which ordinarily does not happen in the absence of someone's negligence, (2) the injuries are caused by an agency or instrumentality within the exclusive control of the defendant, and (3) the injury-causing accident or occurrence is not due to any voluntary action or contribution on the part of the plaintiff.

---

[7] The court cites to Washington state law in assessing Ms. Hawkins's *res ipsa loquitur* claim because the Ninth Circuit has stated that "the doctrine of res ipsa loquitur sufficiently affects the outcome of the litigation to require the federal courts to follow state law." *United Air Lines, Inc. v. Wiener*, 335 F.2d 379, 391 (9th Cir. 1964). *See also Fairbanks v. J.C. Penney Corp., Inc.*, 2009 WL 2473498, at *2 (W.D. Wash. Aug. 7, 2009) (applying Washington state law to resolve *res ipsa loquitur* issue).

*Hoot*, 2023 WL 2145494, at *2-3 (quoting *Pacheco v. Ames*, 69 P.3d 324, 327 (Wash. 2003)).  The Government argues that the *res ipsa loquitur* doctrine does not apply to Ms. Hawkins's case because she cannot establish (1) that her psychotic episodes are "injuries [] of a kind" that cannot happen in the absence of negligence; (2) that the VA Puget Sound Healthcare System had "exclusive control [over] an instrument that caused her injuries;" or (3) that her injuries were not caused by her own intentional actions.  (*Id.* at 12-13; *id.* (citing Johnson Mot. Decl., Ex. A at 28-49 (Ms. Hawkins's guilty plea)).  Because Ms. Hawkins neither addressed the Government's arguments in her response, nor provided any evidence supporting the application of *res ipsa loquitur*, the court concludes that she has abandoned this theory of negligence.  (*See generally* Resp.); *Walsh*, 471 F.3d at 1037.  Accordingly, the court grants the Government's motion for summary judgment on Ms. Hawkins's *res ipsa loquitur* claim.

    3.  <u>The Government Has Not Shown That It Is Entitled To Judgment As A Matter Of Law On Ms. Hawkins's Medical Malpractice Claim</u>

The Government asserts that Ms. Hawkins's medical malpractice claim is barred by collateral estoppel; Ms. Hawkins disagrees.  (Mot. at 13; Resp. at 9.)  The doctrine of collateral estoppel (or issue preclusion) "prevents a party from relitigating an issue decided in a previous action[.]"  *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1050 (9th Cir. 2008); *see also Janjua v. Neufeld*, 933 F.3d 1061, 1065 (9th Cir. 2019) ("Issue preclusion . . . bars the relitigation of issues actually adjudicated in previous litigation.").  A party is "estopped," or precluded, from raising a previously litigated issue in a subsequent action if

ORDER - 12

      (1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits.

*Janjua*, 933 F.3d at 1065 (citations omitted)).

To establish a medical malpractice claim under Washington law, a plaintiff must prove "duty, breach, injury, and proximate cause." *Mohr v. Grantham*, 262 P.3d 490, 493 (Wash. 2011) (citing RCW 7.70.040). For the "proximate cause" element, Ms. Hawkins must show that Defendants' negligence was both the legal cause and the "cause in fact" of her injury. *See Martini v. Post*, 313 P.3d 473, 479 (Wash. Ct. App. 2013). To prove cause in fact, she must show "that the harm suffered would not have occurred but for" Defendants' alleged negligent actions. *Id*. "Direct evidence or precise knowledge of how an [injury] occurred is not required; circumstantial evidence is sufficient." *Id*. Proximate cause is typically a fact question reserved for the jury unless "reasonable minds could not differ." *Meyers v. Ferndale School Dist.*, 481 P.3d 1084, 1089 (Wash. 2021).

The Government argues that Ms. Hawkins is unable, as a matter of law, to prove that her injuries were proximately caused by medical malpractice because she pleaded guilty to the charged crimes in her criminal case. (Mot. at 13; Reply at 4 (citing Johnson Mot. Decl., Ex. A at 39, 50).) Specifically, the Government asserts that by pleading that she "knowingly and without lawful authority" threatened to cause her mother bodily injury (Johnson Mot. Decl., Ex. A at 39), she effectively "admitt[ed] . . . that she was not insane." (Mot. at 14). As a result, according to the Government, Ms. Hawkins "cannot

now argue that [Defendants'] negligence [] caused her to commit" that act.  (Reply at 2; *see also id.* at 5; Mot. at 14.)

Ms. Hawkins's medical malpractice claim, however, is broader than the Government asserts and encompasses not only injuries resulting from her incarceration but also the second psychotic episode itself.  Indeed, she contends that Defendants' negligence "set [her] up to fail and . . . caused [the] second psychotic break[,]" which "led to" the attack against her mother, and caused her subsequent incarceration and her injuries flowing from that incarceration, such as loss of employment and earning potential, separation from her child, and ongoing emotional distress.  (Resp. at 10; Discovery Responses at 9-11, 13.)  Thus, according to Ms. Hawkins, her asserted losses all stem from Defendants' "failure to properly treat" her mental health symptoms.  (Resp. at 10.)  Ms. Hawkins asserts that her guilty plea does not estop her from proving causation in her medical malpractice claim because the state court vacated her guilty plea and her convictions from her record under RCW 9.94A.640.  (Resp. at 7-8; *see* 2/7/23 Order (CR Dkt. # 111).)  Ms. Hawkins therefore contends that a dispute of material fact exists as to whether Defendants' negligence caused her injuries.  (Resp. at 10.)

The court agrees with Ms. Hawkins.  According to the Government, Ms. Hawkins cannot now show that Defendants' negligence caused her injuries because her guilty plea somehow negates the undisputed fact that Ms. Hawkins was in a state of psychosis when she attacked her mother.  (Reply at 2; *see* Mot. at 4-5 (acknowledging Ms. Hawkins assaulted her mother while she was in psychosis).)  But in drawing all reasonable inferences in favor of Ms. Hawkins, *Wolfe*, 392 F.3d at 362, the court concludes that the

Government has not demonstrated as a matter of law that Ms. Hawkins's second psychotic episode, her criminal acts, and the injuries she sustained as a result of those acts, were not consequences of Defendants' negligence in the first instance. Accordingly, the court denies the Government's motion for summary judgment with respect to Ms. Hawkins's medical malpractice claim.[8]

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS in part and DENIES in part the Government's motion to dismiss and motion for summary judgment (Dkt. # 81). Specifically:

(1) The Government's motion with respect to Count I (Professional Negligence) of Ms. Hawkins's complaint is DENIED;

(2) The Government's motion with respect to Counts II, III, and IV of Ms. Hawkins's complaint is GRANTED. Counts II, III, and IV of Ms. Hawkins's complaint are DISMISSED with prejudice; and

//

---

[8] The Government relies on *Gardner v. United States*, 443 F. App'x 70 (6th Cir. 2011), for the proposition that Ms. Hawkins's guilty plea establishes, as a matter of law, that she was sane when she attacked her mother. (Mot. at 13-14.) The court is not persuaded by this unpublished, out-of-circuit case. In any event, the *Gardner* court recognized that it was possible that a guilty plea might not foreclose the plaintiff's ability to raise issues regarding his mental state in a subsequent civil action. *Gardner*, 443 F. App'x at 76; *see also id.* at 77-78 (declining to decide the collateral estoppel question and instead affirming the district court's dismissal of the suit on public policy grounds).

1    (3) The Department of Veterans Affairs, the VA Puget Sound Healthcare System, and
2    the John and Jane Doe Defendants are DISMISSED from this action with
3    prejudice.
4    Dated this 19th day of December, 2024.

            _____
            JAMES L. ROBART
            United States District Judge