UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SABELITA HAWKINS, | CASE NO. C16-0498JLR |
| Plaintiff, | ORDER |
| v. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

On December 31, 2024, Tuella Sykes, counsel for Plaintiff Sabelita Hawkins, informed the court, in an *ex parte* telephone call, that she had a concussion and required medical attention. Chambers staff informed Ms. Sykes that she needed to file a motion if she sought relief from the court related to her head injury.

Later on December 31, instead of filing a motion as instructed, Ms. Sykes emailed the court, this time including counsel for Defendant, stating that she was "unable to

ORDER - 1

complete [her] motion due to [her] current head injury."[1] Ms. Sykes explained that she "fell and lost consciousness" on December 15, 2024, and has since experienced "extreme back and neck pain which has somewhat resolved[,]" "[in]ability to concentrate, focus, think[] clearly, stay awake" and "foggy brain[.]" Ms. Sykes did not seek medical care for her injury until December 31, 2024—two weeks after she fell—when she attended a video appointment with a physician at the University of Washington Medical Center. The physician was unable to take Ms. Sykes's vitals or to perform an in-person physical exam. Nevertheless, he concluded that Ms. Sykes's self-reported symptoms "are typical of post-concussive syndrome" and observed that she sustained "no focal neurologic symptoms as best as [he] can tell[.]" The physician provided Ms. Sykes a letter excusing her from work between December 31, 2024, and January 14, 2025, but noted it is "difficult to predict the exact time when she will be ready to return to work[.]" Ms. Sykes has a follow up visit scheduled for January 13, 2025 to check the status of her symptoms.

Ms. Sykes now asks the court to "hold [all] deadlines in abeyance" as of December 15, 2024—the date she fell—until an unspecified date in the future. The trial in this matter is set for February 10, 2025. (2/7/24 Min. Order (Dkt. # 70).) The parties' motions *in limine* were due on December 30, 2024—the day before Ms. Sykes contacted the court about her injury—and responses are due on January 14, 2025. (*Id.*; 12/19/24

---

[1] Ms. Sykes attached medical records from her December 31, 2024 appointment to the email she sent to the court. Ms. Sykes's email and records are attached to this order.

1 | Min. Order (Dkt. # 100); *see also* Def.'s MILs (Dkt. # 104).)[2]  The deadine for Ms.

2 | Hawkins to serve her pretrial statement on Defendants expired on December 20, 2024,

3 | and the parties' agreed proposed pretrial order is due on January 21, 2025.  (2/7/24 Min.

4 | Order); Local Rules W.D. Wash. LCR 16(h) (requiring plaintiff to serve a pretrial

5 | statement on all counsel no later than 30 days before the date for filing the proposed

6 | pretrial order).[3]  The pretrial conference and the deadline for the parties to file proposed

7 | findings of fact and conclusions of law is on January 27, 2025.  (2/7/24 Min. Order; *see*

8 | *also* 12/30/24 Min. Order (Dkt. # 103 (resetting the deadline for filing proposed findings

9 | of fact and conclusions of law to January 27, 2025).)  All of these deadlines, as well as

10 | the court's 2025 trial calendar, may be affected by Ms. Sykes's request.

11 |       The court notes that Ms. Sykes has frequently requested last minute or after-

12 | deadline extensions in this matter.  On September 20, 2024, Defendants filed a motion for

13 | a protective order.  (Mot. (Dkt.# 72).)  On that same day, Ms. Sykes filed a "Notice of

14 | Unavailability of Counsel" indicating that she would be unavailable between September

15 | 26, 2024 through October 10, 2024.  (Not. (Dkt. # 71).)  On September 26, 2024, Ms.

---

[2] To the extent Ms. Hawkins seeks an extension of the deadline to file motions *in limine* through her request for a retroactive abeyance of deadlines, that request is denied.  Under the Local Civil Rules, "[a] motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline." Local Rules W.D. Wash. LCR 7(j).  Ms. Sykes does not explain why she could not request an extension of the motions *in limine* deadline between December 15, 2024—the date of she fell—and December 29, 2024—the day before the motions *in limine* deadline expired.  The court had previously warned Ms. Hawkins that it "will not accept any further late-filed documents in this action." (12/19/24 Order (Dkt. # 101) at 1 n.1.)  Accordingly, Ms. Hawkins will not be permitted to file motions *in limine*.

[3] Ms. Sykes does not indicate whether she served Ms. Hawkins's pretrial statement by the December 20 deadline.

Sykes filed a response on behalf of Ms. Hawkins seeking an extension of time to respond to the substance of Defendants' motion, but provided no explanation as to why she could not prepare a substantive response between September 20 and September 26. (Resp. (Dkt. # 73).) On October 9, 2024, the court denied the requested extension. (10/9/24 Order (Dkt # 75).) On October 23, 2024, Ms. Sykes filed a motion for reconsideration of the court's October 9, 2024 order, stating that she was unable to respond substantively to Defendants' motion during September 20 and September 26 because two new medications "were affecting her memory and ability to concentrate" during that period, but she did not learn of these side effects until October 10, 2024—two weeks after she filed the response. (MFR at 2, 4-5; *see also* Sykes Decl. (Dkt. # 78) ¶ 3, Ex. A; *see also* 10/28/24 Order (Dkt. # 80) (denying motion for reconsideration).) Most recently, Ms. Sykes stated that she was unable to timely file Ms. Hawkins's response to Defendants' motion to dismiss due to "software issues" "beyond her control." (*See* Sykes Amend. Decl. (Dkt. # 99) ¶¶ 4-5.) Ms. Sykes's after-the-fact requests for relief have therefore become routine.

This time, Ms. Sykes requests relief from deadlines two weeks after she asserts she sustained the injury necessitating the relief. Ms. Sykes does not explain why she waited until two weeks after she fell to see a doctor or to request relief from this court. While the court is sympathetic to Ms. Sykes's injury, her request comes too late. Accordingly, her request to hold all deadlines in abeyance as of December 15, 2024 is DENIED. If Ms. Sykes is having difficulty fulfilling her obligations in this case, the court recommends that she locate co-counsel. Alternatively, Ms. Hawkins may locate

replacement counsel. The court will consider the possibility of an adjustment of the pretrial obligations if there is an appearance of new or replacement counsel.

Dated this 2nd day of January, 2025.

JAMES L. ROBART
United States District Judge