UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SABELITA HAWKINS,<br><br>              Plaintiff,<br>     v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>              Defendants. | CASE NO. C16-0498JLR<br><br>ORDER |

## I.     INTRODUCTION

Before the court is Plaintiff Sabelita Hawkins's "motion to hold case in abeyance" until January 24, 2025. (Mot. (Dkt. # 107).) The court construes Ms. Hawkins's motion as seeking reconsideration of the court's January 2, 2025 order denying her request to hold the case in abeyance as of December 15, 2024. (*See* 1/2/25 Order (Dkt. # 106)); *see* Local Rules W.D. Wash. LCR 7(h) (governing motions for reconsideration), 7(d)(1) (providing that a motion for reconsideration shall be noted for the day the motion is

ORDER - 1

filed). The court has considered the motion, the relevant portions of the record, and the applicable law. Being fully advised, the court DENIES Ms. Hawkins's motion.

## II.   BACKGROUND[1]

On December 31, 2024, Tuella Sykes, counsel for Ms. Hawkins, informed the court, in an *ex parte* phone call, that she fell and sustained a head injury on December 15, 2024. Chambers staff informed Ms. Sykes that she must file a motion if she sought relief from the court related to her injury. Later that same day, instead of filing a motion, Ms. Sykes emailed the court, stating that she was "unable to complete [her] motion due to [her] current head injury." (1/2/25 Order at 1-2; *see id.*, Ex. 1.) She also stated that she had been experiencing symptoms related to her head injury since December 15, 2024. (*Id.*, Ex. 1.) Ms. Sykes did not seek treatment for her injury until December 31, 2024, when she participated in a video appointment with a physician at the University of Washington Medical Center. (*See id.*, Ex. 2 (sealed).) After that appointment, the physician provided Ms. Sykes a letter excusing her from work between December 31, 2024 and January 14, 2025. (*Id.*) Ms. Sykes is scheduled for a follow up appointment on January 13, 2025. (*Id.*)

In her December 31 email to the court, Ms. Sykes asked the court to "hold [all] deadlines in abeyance" as of December 15, 2024, until an unspecified date in the future. (*See id.*, Ex. 1.) The court denied her request on January 2, 2025. (*See* 1/2/25 Order.)

---

[1] The court detailed the relevant background of this matter in its January 2, 2025 order and does not repeat that background here, except as necessary to the court's analysis. (*See* 1/2/25 Order.)

ORDER - 2

1  That same day, after the court entered its order, Ms. Sykes, on behalf of Ms. Hawkins,
2  filed the present motion. She now asks the court to hold the deadlines in this case in
3  abeyance, "for at least three weeks"—until January 24, 2025—due to her "present
4  circumstances." (Mot. at 3.)

### III.   ANALYSIS

6      A motion for reconsideration is an "extraordinary remedy . . . to be used
7  sparingly" and the movant bears a "heavy burden." *Kona Enters., Inc. v. Estate of*
8  *Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "The court will ordinarily deny such motions
9  in the absence of a showing of manifest error in the prior ruling or a showing of new facts
10 or legal authority which could not have been brought to its attention earlier with
11 reasonable diligence." Local Rules W.D. Wash. LCR 7(h)(1).

12     Ms. Sykes asserts that an abeyance is warranted "[c]onsidering the sensitivity of
13 the facts of Ms. Hawkins['s] case & [Ms. Sykes's] knowledge of the judicial history."
14 (*Id.* at 3.) She also contends that "considerable judicial resources can be saved by"
15 holding the proceedings in abeyance "starting with the pre-trial order deadline." (*Id.*)

16     This case has been pending for nearly nine years and the February 10, 2025 trial
17 date is fast approaching. (*See* 2/7/24 Min. Order (Dkt. # 70).) As the court noted in its
18 January 2, 2025 order, several key deadlines that expire before the agreed pretrial order
19 deadline will be affected by Ms. Sykes's abeyance request, including Ms. Hawkins's
20 January 14, 2025 deadline to respond to Defendants' motions *in limine*. (*See* 1/2/25 Order
21 at 3.) It is unclear whether Ms. Sykes seeks an extension of deadlines expiring before
22 January 24, 2025 or relief from deadlines following the January 21, 2025 pretrial order

deadline. (*Compare* Mot. at 3 (seeking an abeyance "starting with the pre-trial order deadline"); *with id.* at n.1-2 (seeking an abeyance of unspecified "deadlines from pre-trial Order").) Ms. Hawkins does not say whether she served her pretrial statement on Defendants by the December 20, 2024 deadline set forth in the Local Civil Rules. (*See* 1/2/25 Order at 3 (citing Local Rules W.D. Wash. LCR 16(h)).) She also does not indicate whether she will be prepared to attend the January 27, 2025 pretrial conference or to file proposed findings of fact and conclusions of law that same day. (2/7/24 Min. Order; *see also* 12/30/24 Min. Order (Dkt. # 103 (resetting the deadline for filing proposed findings of fact and conclusions of law to January 27, 2025).) These deadlines are only three days after her requested abeyance period would expire.

      Ms. Sykes has neither shown "manifest error" in the court's January 2, 2025 order nor provided any new facts to justify reconsideration of that order. As the court observed, Ms. Sykes has frequently requested last-minute extensions when a deadline was approaching. (*See* 1/2/25 Order at 3-4 (discussing Ms. Sykes's recent requests for extensions).) In light of Ms. Sykes's repeated requests for extensions of her deadlines, the court is concerned about her ability to adequately represent Ms. Hawkins without assistance. Counsel should ensure that Ms. Hawkins is adequately and competently represented and continue to prepare for the trial and pretrial deadlines previously set by the court. (*See* 2/7/24 Order; 12/19/24 Min. Order; 12/30/24 Min. Order (Dkt. # 103).)

## IV.  CONCLUSION

For the foregoing reasons, the court DENIES Ms. Hawkins's motion for reconsideration of the court's January 2, 2025 order (Dkt. # 107).

Dated this 3rd day of January, 2025.

JAMES L. ROBART
United States District Judge