UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SABELITA HAWKINS,<br><br>              Plaintiff,<br><br>       v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>              Defendants. | CASE NO. C16-0498JLR<br><br>MINUTE ORDER |

The following minute order is made by the direction of the court, the Honorable James L. Robart:

On June 2, 2025, Plaintiff Sabelita Hawkins and Defendant the United States of America (the "Government") filed their respective trial briefs in this matter. (*See* Hawkins Br. (Dkt. # 134); Gov. Br. (Dkt. # 133).) The trial in this action commenced on June 9, 2025. During the first day of trial, the court orally ruled that Ms. Hawkins cannot

MINUTE ORDER - 1

establish a medical malpractice claim against Dr. Daniel Doan[1] because she did not disclose, pursuant to Federal Rule of Civil Procedure 26(a)(2), any expert opinion regarding the standard of care for an internal medicine resident.  *See Frausto v. Yakima HMA, LLC*, 393 P.3d 776, 779 (Wash. 2017) ("[E]xpert testimony will generally be necessary to establish the standard of care.") (cleaned up); (*see generally* 12/4/24 Sykes Decl. (Dkt. # 93) ¶ 5, Ex. C ("Dunner Report") (not opining on the standard of care for an internal medicine resident).)  Accordingly, the only claim remaining in this case is Ms. Hawkins's medical malpractice claim against Dr. Carl Jensen.[2]

To prove a medical malpractice claim under Washington law, a plaintiff must show that the defendant's alleged breach of the standard of care was "a proximate cause" of the claimed injury.  *See Campanelli v. PeaceHealth Sw. Med. Ctr.*, 565 P.3d 933, 945 (Wash. Ct. App. 2025).  If, after hearing the testimony and considering the evidence in this case, the court concludes that Dr. Jensen breached the standard of care of a psychiatrist, the court must then make findings of fact and conclusions of law regarding whether Dr. Jensen's alleged breach was the proximate cause of Ms. Hawkins's claimed damages.  Ms. Hawkins's expert, Dr. David Dunner, opines that Dr. Jensen's actions "contributed to the [December 15, 2011] psychotic episode experienced by Ms. Hawkins" which "resulted in [her] stabbing her mother."  (Dunner Report at 7.)  In the court's view, Dr. Dunner's use of the phrase "contributed to"—as opposed to "caused

---

[1] Dr. Doan was an internal medicine resident at all times relevant to this lawsuit.
[2] Dr. Jensen was a psychiatrist at all times relevant to this lawsuit.

by"—implies that factors other than Dr. Jensen's alleged breach of the standard of care were proximate causes of Ms. Hawkins's December 15, 2011 psychotic episode. The court will identify these additional factors, if any, by reviewing the expert testimony and other evidence submitted in this case. In considering the expert testimony and record evidence in this case, the court will also consider whether comparative fault applies here. (*See* Gov. Br. at 16 (discussing comparative fault); *see also Workman v. Chinchinian*, 807 F. Supp. 634, 641 (E.D. Wash. 1992) (applying Washington's comparative fault law to medical malpractice claim).

In light of the foregoing, the court seeks guidance from the parties regarding how to apportion fault in this case, if at all. The court accordingly ORDERS the parties to file supplemental briefs of no more than 2,500 words, by **June 16, 2025**, explaining how fault should be allocated in this case, if at all, *with citations to case law*. No response briefs shall be filed unless otherwise ordered by the court.

Filed and entered this 9th day of June, 2025.

RAVI SUBRAMANIAN
Clerk of Court

s/ Ashleigh Drecktrah
Deputy Clerk

MINUTE ORDER - 3